# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CASE NO.: ****

DAVID GORDON OPPENHEIMER,

          Plaintiff,

v.

RIDGELINE INVESTMENT PARTNERS,
LLC AND HIGHLANDER HOTEL TWO,
LLC,

          Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendants RIDGELINE INVESTMENT PARTNERS, LLC AND HIGHLANDER HOTEL TWO, LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Oppenheimer's original copyrighted Work of authorship after removal of his copyright management information ("CMI").

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his works in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel,

landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His works have been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports, and on display at the Museum of the City of New York.

3. Defendant RIDGELINE INVESTMENT PARTNERS, LLC ("Ridgeline") is a property investment and management company. Upon information and belief, at the time of the infringement Ridgeline was the owner and operator of The Wells Hotel, which is now operating as The Outpost Inn (the "Hotel") located in Highlands, North Carolina, and controlled and operated the Facebook page for the Hotel located at the URL: https://www.facebook.com/boutiquehotelhighlands/photos/p.1089251555205227/10892 51555205227/?type=3 (the "Facebook Page").

4. Defendant HIGHLANDER HOTEL TWO, LLC ("Highlander") is a North Carolina limited liability company engaged in the ownership, operation, management, and control of hotels and related hospitality services. Upon information and belief, Highlander purchased the Hotel in 2022 from Defendant Ridgeline, including all assets and liabilities, and took control of and operated the Facebook Page thereafter.

5. Defendants Ridgeline and Highlander are collectively referred to herein as "Defendants".

6. Oppenheimer alleges that Defendants copied Oppenheimer's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with their business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

<h2 align="center">JURISDICTION AND VENUE</h2>

7. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in North Carolina.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, Oppenheimer suffered injury in this district, and Defendants are subject to personal jurisdiction in this district.

<h2 align="center">DEFENDANTS</h2>

11. Ridgeline Investment Partners, LLC is a North Carolina Limited Liability Company, with its principal place of business at 3101 Cobb Parkway SE, Suite 124, Atlanta, GA 30339, and can be served by serving its Registered Agent, Boyer Legal PLLC, at 4805 Ridge Haven Court, Greensboro, NC 27410.

12. Highlander Hotel Two, LLC is a North Carolina Limited Liability Company, with its principal place of business at 790 N 4th St, Highlands, NC 28741, and can be served by serving its Registered Agent, Registered Agents Inc, at 4030 Wake Forest Road, Suite 349, Raleigh, NC 27609.

<h2 align="center">THE COPYRIGHTED WORK AT ISSUE</h2>

13. In 2013, Oppenheimer created an aerial photograph of Whiteside Mountain located between Cashiers, North Carolina, and Highlands, North Carolina, while aboard a small private aircraft modified for aerial photography, as shown below and referred to herein as the "Work."

Case 1:26-cv-00010-MR   Document 1   Filed 01/10/26   Page 3 of 13



Whiteside Mountain between Cashiers and Highlands, Jackson County North Carolina aerial photo of luxury mountain real estate in the Nantahala National Forest section of the Blue Ridge Mountains - © 2013 David Oppenheimer - Performance Impressions Photography Archives

14. Oppenheimer has complied in all respects with 17 U.S.C. § 102 and all other laws governing federal copyright applicable to the Work. Prior to first publication of the Work, he registered the Work with the U.S. Copyright Office as part of a registration titled "*Aerial Photographs Taken on October 1, 2013 by David Oppenheimer.*" The Work is on deposit with the U.S. Copyright Office with the contents title "*Aerials_Oct_1_13_OPP7256.jpg.*" The registration was assigned the number VAu 1-151-075 with the effective registration date of October 22, 2013. A true and correct copy of the registration is attached hereto as **Exhibit 1**.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

15. Prior to the time Oppenheimer published the Work, he applied CMI to the Work consisting of, but not limited to: (1) the copyright symbol "©", the year of the Work's publication, "2013", followed by his first and last name "David Oppenheimer" in the bottom right corner of the Work with his company name below that "Performance Impressions" (the "Watermark"); (2) CMI embedded in the metadata of the Work (the "Metadata") containing the title of the Work, Plaintiff's name, and the copyright symbol "©" followed by "2013," in addition to his email, phone number, company's website URL, licensing instructions, and a notice of all rights reserved; and/or (3) notices of copyright published adjacent to the Work where Oppenheimer published it to offer the Work for print sales and licensing (the "Attribution"). The CMI as displayed on the Work can be seen in paragraph 13 above.

16. The Work in perspective, orientation, positioning, lighting, and other details is entirely creative and original. As such, the Work qualifies as subject matter protectable under the Copyright Act.

17. At all relevant times, Oppenheimer was the owner of the copyrighted Work.

**<u>INFRINGEMENT BY DEFENDANTS</u>**

18. Defendants have never been licensed to use the Work for any purpose.

19. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

20. On or about January 10, 2023, Oppenheimer discovered the unauthorized use of his Work on the Facebook Page. The Work was used by the Defendants on their Facebook Page to advertise and promote their Hotel.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

21. Defendants copied Oppenheimer's copyrighted Work without Oppenheimer's permission.

22. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their business operations.

23. Defendants copied and distributed Oppenheimer's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

24. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

25. Oppenheimer never gave Defendants permission or authority to copy, distribute or display the Work for any purpose.

26. When the Defendants copied and displayed the Work, Ridgeline removed Oppenheimer's CMI from the Work by cropping out the visible Watermark and omitting the Attribution, which it failed to include on its infringing display, as shown below.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS



27. Oppenheimer never gave the Defendants permission or authority to remove CMI from the Work.

28. Oppenheimer notified the Defendants of the allegations set forth herein on July 30, 2024, August 15, 2024, and December 16, 2025. To date, the parties have failed to resolve this matter.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT AGAINST RIDGELINE

29. Oppenheimer incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Oppenheimer owns a valid copyright in the Work.

31. Oppenheimer registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32. Ridgeline copied, displayed, and distributed the Work and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

33. Ridgeline performed the acts alleged in the course and scope of its business activities.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

34. Ridgeline's acts were willful.

35. Oppenheimer has been damaged.

36. Upon information and belief, Defendants have benefitted from infringement of the Work, while Plaintiff has suffered and will continue to suffer irreparable harm in the form of monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the Work in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth under Title 17.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AND DISTRIBUTION WITHOUT COPYRIGHT MANAGEMENT INFORMATION AGAINST RIDGELINE

37. Oppenheimer incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

38. The Work at issue in this case contains CMI.

39. Ridgeline knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work in violation of 17 U.S.C. § 1202(b)(1).

40. After removing Oppenheimer's CMI from the Work, Ridgeline distributed the Work in violation of 17 U.S.C. § 1202(b)(3).

41. Ridgeline committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

42. Ridgeline caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

43. Oppenheimer has been damaged.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

44. Upon information and belief, Defendants have benefitted from infringement of the Work, while Plaintiff has suffered and will continue to suffer irreparable harm in the form of monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the Work in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth under Title 17.

## COUNT III – DIRECT COPYRIGHT INFRINGEMENT AGAINST HIGHLANDER

45. Oppenheimer incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

46. Oppenheimer owns a valid copyright in the Work.

47. Oppenheimer registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

48. Highlander copied, displayed, and distributed the Work and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

49. Highlander performed the acts alleged in the course and scope of its business activities.

50. Highlander's acts were willful.

51. Oppenheimer has been damaged.

52. Upon information and belief, Defendants have benefitted from infringement of the Work, while Plaintiff has suffered and will continue to suffer irreparable harm in the form of monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the Work in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth under Title 17.

## COUNT IV – VICARIOUS COPYRIGHT INFRINGEMENT AGAINST RIDGELINE

53. Oppenheimer incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

54. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work for purposes of advertising Ridgeline's goods and services.

55. Ridgeline has or had a direct financial interest in the infringing material because it derives profits from the services it provides, which were advertised on the Facebook Page displaying the infringed Work.

56. Despite having the right and ability to remove the infringed Work from the Facebook Page, Ridgeline allowed the material to remain accessible, thereby continuing to benefit from increased web traffic and exposure of their services to customers.

57. To the extent that the actions described above were performed by the third-party alone, Ridgeline is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

58. Oppenheimer has been damaged.

59. Upon information and belief, Defendants have benefitted from infringement of the Work, while Plaintiff has suffered and will continue to suffer irreparable harm in the form of monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the Work in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth under Title 17.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

## COUNT V – VICARIOUS COPYRIGHT INFRINGEMENT AGAINST HIGHLANDER

60. Oppenheimer incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

61. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work for purposes of advertising Highlander's goods and services.

62. Highlander has or had a direct financial interest in the infringing material because it derives profits from the services it provides, which were advertised on the Facebook Page displaying the infringed Work.

63. Despite having the right and ability to remove the infringed Work from the Facebook Page, Highlander allowed the material to remain accessible, thereby continuing to benefit from increased web traffic and exposure of their services to customers.

64. To the extent that the actions described above were performed by the third-party alone, Highlander is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

65. Oppenheimer has been damaged.

66. Upon information and belief, Defendants have benefitted from infringement of the Work, while Plaintiff has suffered and will continue to suffer irreparable harm in the form of monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the Work in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth under Title 17.

WHEREFORE, Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against the Defendants RIDGELINE INVESTMENT PARTNERS, LLC AND HIGHLANDER HOTEL TWO, LLC that:

a. Pursuant to 17 U.S.C. § 502 and 17 U.S.C. § 1203(b)(1), Ridgeline and Highlander, their officers, agents, servants, employees, affiliated entities, and all persons acting in concert or participation with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202, including, but not limited to, an order requiring the removal of all infringing copies of Plaintiff's works from Defendants' websites, social media pages, and marketing channels;

b. Defendants be required to pay Oppenheimer his actual damages and Defendants' profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Oppenheimer be awarded pre- and post-judgment interest; and

e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: January 9, 2026                    Respectfully submitted,

*/s/ Scott Riddell*
SCOTT RIDDELL
North Carolina Bar Number: 62621
scott.riddell.law@gmail.com

12
**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

**SCOTT RIDDELL LAW, PLLC**
PO Box 383
Fairview, NC 28730
828.280.3732 – Telephone

and

ANTHONY J. UNDERWOOD
Bar Number: (TN) 041350 (FL) 1056640
(GA) 685078
anthony.underwood@sriplaw.com

**SRIPLAW, P. A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.200.0155 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*